SANBORN, Circuit Judge
(concurring). I concur in the result in this case, but I am unable to agree to the views expressed in the opinion relative to the application of the doctrine of relation. As I read the complaint in this action, it shows that a competent quasi-judicial tribunal decided, in a case of which it had jurisdiction, that the defendants in error and those under whom they claimed never had any right or title to the land from which they wrongfully removed the coal in controversy, and that the plaintiffs in error, or one of them, Roger C. Evans, had during all the time after 1880 a right to the possession and use, and a preference right to enter the land, which eventually matured into a title. It does not appear to me that there is any occasion to abrogate or evade the settled doctrine of relation, in order to take from those who, according to the unassailable judgment of the land department, had a right to this land and its products, and to give to those who never had any such right the coal which the latter wrongfully took from it, and which may have constituted its chief value.